**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 99-60455
Summary Calendar

DEERE CREDIT INC., a
Delaware Corporation,

Plaintiff-Appellee,

versus

TOMMY M. MALLETTE, doing
business as Tommy Mallette Enterprises,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi
1:97-CV-300-RG

May 9, 2000

Before POLITZ, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Tommy M. Mallette appeals an adverse summary judgment in the suit by Deere Credit, Inc., for sums due it under a retail installment contract. We affirm.

Background

In April 1996, Mallette purchased from McLeod Marine, Inc., a 1996 Pro-Line fishing boat with two Mercury motors for a purchase price of $95,390.50, financing $83,266.50 thereof. Under the financing agreement, monthly payments of $1,088.89 were to be made to Deere Credit. Mallette began making payments in May 1996, continuing same through January 1997. In April 1997 counsel for Mallette wrote to McLeod Marine and Deere Credit complaining of on-going

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

problems with the boat. Citing Miss. Code Ann. § 75-2-608, counsel claimed nonconformity of goods and advised that Mallette would file suit if warranties were not honored. No further payments were made.

In June 1997 Deere Credit filed the instant complaint, seeking enforcement of the credit sale agreement. The parties agreed to an inspection by a third party and the boat was transported to Pleasure Isle Boats in Orange Beach, Alabama. Upon inspection, personnel at Pleasure Isle discovered that salt water had damaged the fuel pump. This was repaired and the boat was reported to be "running exceptionally well." Pleasure Isle noted that except for the auto pilot and generator, all electronics and accessories had been removed from the boat.

In October 1997, Mallette agreed to allow Deere Credit to sell the boat and apply the proceeds to his debt. The boat remained in Orange Beach until January 8, 1998, at which time, under a contract between Deere Credit and Bancer Marine Corp. of Austin, Texas, Bancer transported it to Austin. Bancer personnel examined the boat and noted multiple problems. Bancer and Deere Credit advertised the boat in a publication aimed at Texas and Louisiana markets at a suggested retail price of $50,000. After receiving three bids, they accepted the highest bid of $45,000. The net proceeds, $39,000, were credited to Mallette's debt.

Citing difficulties in securing an agreement to have the boat transported to another location for inspection, Mallette requested and was given three extensions for filing his answer to Deere Credit's complaint, ultimately extending that date to September 22, 1998. On September 15, 1998, Deere Credit moved for summary judgment. The docket sheet reflects that Mallette requested and was granted several delays for the filing of his response to the summary judgment motion, ultimately extending that date to May 3, 1999. Mallette did not file an answer to the complaint, but responded to the summary judgment motion on May 4, 1999.

2

After considering the motion and response, the district court granted Deere Credit summary judgment against Mallette for $74,419.35.  Mallette timely appealed.

<u>Analysis</u>

We review the grant of summary judgment *de novo*.[2]  Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits . . . show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."[3]  Our review of the parties' briefs and the record persuades that no genuine issue of material fact was raised in the district court.  Mallette did not contest the validity or binding nature of the credit agreement, nor did he contest Deere Credit's allegation that he breached the terms thereof when he ceased making payments. Deere Credit was entitled to judgment as a matter of law.

The judgment appealed is AFFIRMED.

---

[2]**Horton v. City of Houston**, 179 F.3d 188 (5th Cir.), *cert. denied*, __ U.S. __, 120 S.Ct. 530 (1999).

[3]**Id.** at 191 (citing Fed. R. Civ. P. 56(c); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322-24 (1986)).